[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15138
Non-Argument Calendar
_____

Agency No. A087-469-183

JI XIAN LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 24, 2017)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ji Xian Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of asylum and withholding of removal.  No reversible error has been shown; we deny the petition.

Lin entered the United States without inspection in January 2007.  In May 2009, Lin was charged as removable for being present in the United States without being admitted or paroled; Lin conceded removability as charged.

In May 2012, Lin applied for asylum and for withholding of removal.[*]  Lin asserted that he faced future persecution if he returned to China based on his practice of Falun Gong, a movement banned by the Chinese government.  Lin says he began practicing Falun Gong in December 2011.

The IJ concluded that Lin was not credible.  The IJ based this determination on several internal inconsistencies within Lin's testimony at his removal hearing and on discrepancies between Lin's testimony and his asylum application.  In the light of these inconsistencies, the IJ concluded that Lin had failed to present a credible and consistent claim.  Given the adverse credibility determination and

---

[*] Lin also sought relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.12(c).  Because Lin failed to challenge the IJ's denial of his CAT claim in his appeal to the BIA, the BIA deemed the claim waived.  That claim is not before us in this appeal.

Lin's failure to produce other corroborating evidence of his claims, the IJ denied Lin's application for asylum and for withholding of removal.

Lin appealed the IJ's decision to the BIA. The BIA agreed with the IJ's adverse credibility determination. The BIA also concluded that Lin's other evidence -- including pictures of Lin at a Falun Gong demonstration in New York, Lin's wife's testimony, and background material on China's country conditions -- did not satisfy independently Lin's burden of proof for asylum or for withholding of removal.

Because the BIA did not adopt expressly the IJ's decision, we review only the BIA's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review de novo legal determinations of the BIA, and review the BIA's factual determinations under a substantial-evidence test. Id. Under the highly deferential substantial-evidence test, a factual determination that an alien is unentitled to relief must be upheld if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. "[W]e review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

3

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including religion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1).  The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005).

Like any fact finding, a credibility determination may not be overturned unless the record compels it.  Id. at 1287.  An adverse credibility determination alone may be sufficient to support the denial of relief.  Id.  But "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant."  Id.

On appeal, Lin argues that the BIA erred in affirming the IJ's adverse credibility determination because the determination was unsupported by substantial evidence and was based on minor inconsistencies.  We disagree.  The BIA provided specific and cogent reasons for the credibility determination, which is supported by substantial evidence.  See D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004).  Nothing in the record compels us to substitute our judgment on the issue.

As noted by the BIA, several inconsistencies existed that "cast doubt" about Lin's adherence to Falun Gong.  First, Lin produced conflicting evidence about the

4

date on which he participated in a Falun Gong demonstration in New York. Second, although Lin testified that he practices Falun Gong indoors only when inclement weather precludes him from practicing outside, Lin's wife testified that she saw Lin practice Falun Gong inside their home once a week, and never saw him practice outside. Lin also testified inconsistently about a similarly-situated friend's asylum status and provided conflicting and uncorroborated testimony about his friend's mistreatment in China based on her practice of Falun Gong.

Finally, Lin reported falsely on his asylum application that he had no children. Lin's explanation for omitting his son -- that the child was born from an extra-marital affair -- is unconvincing given that the asylum application instructs applicants expressly to list children irrespective of age, location, or marital status. Lin's explanations for these inconsistencies do not compel the conclusion that he was credible.

To the extent Lin argues that the adverse credibility determination was based on minor discrepancies, he ignores the applicable statutory standard, which permits a trier of fact to base its credibility determination on "any inaccuracies or falsehoods . . . without regard to whether [they] go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); Chen v. United States Att'y Gen., 463 F.3d 1228, 1233 (11th Cir. 2006). Even one inconsistency, on relatively minor details, may justify an adverse credibility determination. See Xia v. United States Att'y

Gen., 608 F.3d 1233, 1240-41 (11th Cir. 2010) (concluding that an adverse credibility determination was supported where the applicant's testimony "included at least one internal inconsistency (how old she was when she had the abortion) and one omission (identifying data on the abortion operations certificate).").

Moreover, we reject Lin's assertion that the inconsistencies identified in this case -- which the BIA said "cast doubt" about whether Lin in fact practiced Falun Gong -- can be characterized as "minor" or as falling outside the heart of Lin's claim.

In the light of the inconsistencies in Lin's testimony and the lack of record evidence to corroborate his testimony, substantial evidence supports the BIA's denial of Lin's asylum application. Because Lin has failed to establish his eligibility for asylum, he has also necessarily failed to meet the higher standard for withholding of removal. See Djonda v. United States Att'y Gen., 514 F.3d 1168, 1177 (11th Cir. 2008).

PETITON DENIED.